That at length a division was made of the said slaves, and a slave named Lazer was assigned as the share of the said Cath-arine, together with ^21. 16. 8. with interest from the 3d day of November 1766.
The cause came on to be heard before the High Court of Chancery on Thursda3 the 22d day of May 1783 who adjourned it to the Court of Appeals on account of difficulty.
The counsel for the appellee. Insisted on the following points.
The certificate of the Court of • Appeals was as follows:
*“The Court this day gave their opinion, that the decree of the County Court of Accomack, mentioned in the transcript of the record in this cause, pronounced the 27th day of April 1779, ought to be affirmed; which opinion is ordered to be certified, with the allowance of the costs in this Court (except a lawyers fee,) to the High Court of Chancery.”
Husband and Wife — Husband’s Right of Survivor-ship. — The principal case Is cited in Wallace v. Taliaferro, 2 Call 470, 483, 489. See Dade v. Alexander, 1 Wash. 30. in which it is held that a feme sole, entitled to slaves in remainder, or reversion, after-wards marrying, and dying before the determination of the particular estate, the right rests on the husband.
See monographic note on “Husband and Wife” appended to Cleland v. Watson, 10 Gratt. 159.